UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ESTATE OF JOHN J. OKONKOWSKI,
et al.,

        Plaintiffs,

                                       Case No. 2:12-cv-264
v.                                        HON. GORDON J. QUIST

OLGA OKONKOWSKI,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        The Estate of John J. Okonkowski and John J. Okonkowski's children, Jessica Josefsberg, John J. Okonkowski, III, and Derek Okonkowski, filed this lawsuit against the deceased John J. Okonkowski's ex-wife Olga Okonkowski for insurance proceeds from their deceased father's life insurance policy. Olga Okonkowski moved from Ukraine with her two children to Marquette, Michigan, after meeting John J. Okonkowski on an internet dating site. After about one year of marriage, Olga Okonkowski moved to New York. John J. Okonkowski, who was dying from ALS at the time, filed for divorce. Olga and John J. Okonkowski divorced after approximately one year of marriage. As part of the judgment of divorce, Olga Okonkowski would not receive any proceeds from John J. Okonkowski's life insurance policy. After John J. Okonkowski's death, Met Life attempted to pay the proceeds from the life insurance policy to Olga Okonkowski. After litigation ensued in the Marquette County Court, the Marquette County Probate Court ordered that the proceeds be placed into attorney Timothy Quinnell's trust account pending

resolution of this case.  Defendant then sought to remove the action to this court.  Plaintiffs argue that removal is inappropriate because it is untimely and, alternatively, not properly based upon subject matter jurisdiction.

Defendant argues that the removal notice was timely because she had to first verify that complete diversity existed between the parties.  The complaint indicated where each plaintiff resided but did not state where they were domiciled.  Further, defendant argues that it was not clear from the face of the complaint that ERISA would apply to this action.

28 U.S.C. § 1446(b)(1) provides a 30-day time period for removal to federal court. The complaint in this matter was served on defendant on or about October 15, 2011.  An answer was filed on November 2, 2011.  Defendant submitted requests to admit the domicile of each of the plaintiffs in June 2012.  Notice of remand was filed on June 26, 2012.  Defendant argues that it was not until June 2012 that she could be sure of complete diversity because the complaint only stated where the plaintiffs resided and not where the plaintiffs domiciled.  Plaintiffs argue that defendant knew where they lived because defendant lived with plaintiff John J. Okonkowski, III, who also lived with his father in Marquette, and that defendant was aware of the location of the other plaintiffs and certainly knew they were not citizens of New York state.  Further, plaintiffs argue that defendant knew that ERISA was at issue from a September 26, 2011, letter from Met Life that indicated the insurance plan was regulated by ERISA.

28 U.S.C. § 1446(b)(3) provides in part:

if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(c)(1) provides that a case may not be removed under subsection (b)(3) under a claim of diversity jurisdiction more than one year after commencement of the action.  This implies that removal is available anytime within one year of the filing of the original complaint if it is discovered  that federal jurisdiction exists so long as the notice of removal is filed within 30 days of the jurisdictional discovery.

Plaintiffs rely on  *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851 (E.D. Mich. 1979), for authority to establish that defendant's removal was untimely.  The court held that where the defendant knew or should have known that the amount in controversy was over the jurisdictional amount at the time the complaint was filed, the defendant failed to timely remove the case by filing a notice of removal more than 30 days after the complaint was filed but less than 30 days after the filing of an amended complaint alleging damages of Five Million Dollars.  The amended complaint, even though it specified for the first time a dollar amount over the federal jurisdictional amount, did not restart the 30-day time period for removal where defendant possessed facts to conclude that the jurisdictional amount could be met based upon the allegations in the original complaint.  Defendant points to *Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908 (W.D. Mich. 2009), as authority to establish that removal was timely.  In that case, Chief Judge Maloney issued a show cause order for defendant to show why the case should not be remanded.  The court's initial ruling found that citizenship was not specified in the complaint, and the amount in controversy stated in the complaint, in excess of $25,000, was not sufficient to satisfy federal jurisdiction.   The court stated: "For purposes of diversity jurisdiction residency does not necessarily prove citizenship."  Judge Maloney concluded that simply setting forth residency in the complaint was insufficient to establish domicile and federal jurisdiction for removal of an action.

- 3 -

In this action, defendant argues that this court has jurisdiction based upon federal question jurisdiction and diversity jurisdiction.  Defendant bases her federal question jurisdiction on the argument that ERISA may apply to this action.  It is clear that defendant knew or should have known that ERISA could apply to this action at the time the complaint was filed, or certainly by the time an answer was filed.  Defendant received a letter from Met Life dated September 26, 2011, which stated:  "The Plan is regulated by the Employee Retirement Income Security Act of 1974. . . ." Further, defendant's response brief admits at page 3 that:  "The complaint alleges the Defendant is not entitled to benefits under an Employee Retirement Income Security Act ("ERISA") regulated life insurance policy. . . ."  Defendant clearly recognized that ERISA was at issue at the time the complaint was filed.  Defendant cannot now in good faith argue that she did not know that ERISA could apply in this action until June 2012, when she admits that the complaint filed in October 2011, involved an ERISA regulated life insurance policy.  In the opinion of the undersigned, defendant clearly knew that ERISA was an issue months before the filing of the notice of removal in this action.  Defendant's assertion of federal question jurisdiction as a basis of removal is clearly untimely.

Defendant also asserts diversity jurisdiction as a basis for removal.  There are two components to diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs and defendant must be citizens of different states and the matter in controversy must exceed the $75,000 jurisdictional amount.  It is clear that defendant was aware that the matter in controversy in this case exceeded the jurisdictional amount well before she attempted to remove this action to this court.  Met Life issued a check for $404,641.96 on February 13, 2012.  That check was deposited in attorney Quinnell's trust account by order of the court. Marquette County Probate Judge Anderegg issued an order on

February 22, 2012, indicating that the check from Met Life in the amount of $404,641.96 was received by the court and ordered that the check be deposited and not distributed without further order from the court.  Clearly, the jurisdictional amount necessary for removal to this court was known by defendant several months before the notice of removal was filed.

That leaves the remaining issue, which is really the only truly disputed issue regarding removal in this case:  Whether defendant knew of the domicile of each plaintiff 30 days prior to the filing of the notice of removal.  Defendant argues that she did not know that plaintiffs John J. Okonkowski, III, and Derek Okonkowski domiciled in Michigan and that plaintiff Jessica Josefsberg domiciled in Florida until she received answers to her requests to admit submitted to plaintiffs in June 2012.  Further, defendant claims that she did not know if any of the plaintiffs domiciled in her own home state of New York.  The complaint did state that John and Derek were residents of Michigan and that Jessica was a resident of Florida.

The parties argue whether residency as stated in the complaint, as well as other factors known by defendant, could be sufficient knowledge of domicile for purposes of enforcing timely removal requirements or whether the lack of domicile explicitly stated in the complaint gave defendant the opportunity to ignore the issue for eight months before attempting to discover if plaintiffs' stated residences were also their domicile, essentially restarting the clock to allow removal of the action to federal court.

> Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile.  See *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874) (listing useful presumptions); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998) ("In determining domicile, a court should consider both positive evidence and presumptions.") First among these presumptions is "that the state in which a person resides at any given time is also that person's domicile."  *McDonald*,

- 5 -

13 F.Supp.2d at 1281 (citing *District of Columbia v. Murphy,* 314
U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941), and *Stine v. Moore*,
213 F.2d 446, 448 (5th Cir. 1954)).

*Audi Performance &Racing, LLC, v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).

Clearly, it was not unreasonable for defendant to presume that each plaintiff was domiciled and a citizen of the state where they resided.  There existed no evidence, inference or suggestion that any of the plaintiffs were citizens of defendant's home state of New York.  Although defendant relies upon this court's holding in *Leys*, which stated that residency does not  necessarily prove citizenship for purposes of diversity jurisdiction in federal court, *Leys* did not hold that the court could not consider stated residence as a factor in determining citizenship.  Indeed, it is clear that Judge Maloney intended to consider residency as a factor before concluding whether remand was required.  Further, *Leys* is distinguishable on a number of factors.  The removal in *Leys* was assumed timely.  The court listed lack of known citizenship as one of several factors that prohibited the court from exercising jurisdiction at that time.  The court's decision was sua sponte and the court did not hold a hearing prior to issuing the order to show cause.  The ruling was actually a show cause order giving defendant an opportunity to provide additional evidence to show that the court had jurisdiction to hear the case.  The court noted that removal is disfavored and the case was remanded.

In general, removal is disfavored and it is the removing party's burden to establish removal jurisdiction.  *Id*. at 910.  The issue in this case, unlike the issue presented in *Leys*, is defendant's failure to timely remove this action.  This court could have exercised diversity jurisdiction in this case if removal was timely.  However, removal was untimely.  In the opinion of the undersigned, defendant possessed sufficient information to establish each party's citizenship at the time the compliant was filed, not simply based upon plaintiffs' stated residences in the complaint,

but also on defendant's knowledge of the plaintiffs and the fact that there was no indication that any of the plaintiffs were citizens of New York state.

Further, this case presents itself as a case of classic forum shopping. Defendant litigated this matter in the state court and received some unfavorable rulings. At the hearing, defendant claimed that no litigation took place in the state court. However, Judge Solka and Judge Anderegg both issued orders that could be considered unfavorable to defendant. Defendant also filed a motion for summary judgment in the state court that was set for hearing, but was not heard because of the filing of the notice of removal in this court. It was only after defendant received unfavorable rulings in the state court that defendant made an effort to discover if the domicile of each plaintiff was the same as their stated residences in the complaint or different than defendant's own domicile. This effort to discover this information took place nearly eight months after the complaint was filed. Defendant has failed to set forth any valid reason for waiting over eight months before attempting to remove this action. In the opinion of the undersigned, a party cannot purposely ignore jurisdictional requirements such as the opposing party's citizenship while litigating a matter in state court, only to later make an effort to discover citizenship in an attempt to restart the 30-day clock for removal under 28 U.S.C. § 1446(b)(3).

In light of the facts of this case, it is recommended that the court find against removal and remand this case to the Marquette County Circuit Court. The state court is more suited to decide the issues presented in this case which involve a divorce judgment and the waiver of life insurance benefits arising from the judgment of divorce. The state court is better equipped to make judgments and interpretations of matters that are inherently based upon state law. The undersigned recommends that the court find that the notice of removal was untimely filed.

- 7 -

Accordingly, it is recommended that plaintiffs' Motion to Remand to Marquette County Probate Court (Docket #25) be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  October 10, 2012