UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ESTATE OF JOHN J. OKONKOWSKI,
et al.,

        Plaintiffs,

v.                                                         Case No. 2:12-CV-264

OLGA OKONKOWSKI,                       HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant has filed an Objection to the October 10, 2012, Report and Recommendation ("R & R") issued by Magistrate Judge Greeley recommending that this Court grant Plaintiffs' Motion to Remand to Marquette County Probate Court. Defendant removed the case to this Court on June 26, 2012, alleging both diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based on preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*. Defendant filed her Notice of Removal shortly after she received Plaintiffs' discovery answers setting forth Plaintiffs' respective domiciles. Plaintiffs thereafter moved to remand the case to state court on the ground that the removal was untimely.

In his R & R, the magistrate judge first considered federal question jurisdiction and concluded that removal on that basis was untimely. The magistrate judge observed that Defendant knew or should have known at the time the complaint was filed that ERISA could apply to the dispute in this case. In particular, the magistrate judge noted that Defendant admitted in her

response brief that the Complaint alleges that Defendant is not entitled to benefits under an ERISA-regulated life insurance policy. (R & R at 4.) The magistrate judge also found that Defendant should have been aware that ERISA could apply to this case, at the latest, by the time Defendant filed her answer on November 2, 2011, because Defendant received a letter from Met Life dated September 26, 2011, which indicated that the plan under which the life insurance policy was issued is governed by ERISA. (*Id.*) With regard to diversity jurisdiction, the magistrate judge concluded that Defendant was aware that the amount in controversy exceeded the jurisdictional threshold on or around February 13, 2012, when Met Life issued a check for $404,641. (*Id.*) As for Plaintiffs' citizenships, the magistrate judge concluded that the Complaint's allegations regarding Plaintiffs' residences (Michigan and Florida) provided Defendant sufficient information to determine each Plaintiff's citizenship. The magistrate judge added that nothing in the Complaint suggested that Plaintiffs were domiciled in New York and Defendant knew that to be the case based on her personal dealings with Plaintiffs. (*Id.* at 6–7.) Thus, the magistrate judge concluded that Defendant's removal was untimely with regard to both federal question and diversity jurisdiction.

Defendant limits her Objection to one issue: "whether or not defendant had unambiguous information of Plaintiffs' domicile prior to the receipt of the admissions." (Objection at 3.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Defendant's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendant's Objection should be overruled.

2

As noted, Defendant limits her Objection to whether the magistrate judge applied the wrong standard in concluding that Defendant had knowledge of Plaintiffs' domiciles more than thirty days prior to the removal. Defendant's failure to object to the magistrate judge's proposed findings and recommendations regarding the timeliness of removal based on federal question jurisdiction results in a waiver of Defendant's right to de novo review of that issue by this Court. *See Davet v. Maccarone*, 973 F.2d 22, 31 (1st Cir. 1992) (noting that "[f]ailure to raise objections to the Report and Recommendation waives the party's right to review in the district court"); *Dean-Mitchell v. Reese*, No. 1:09-CV-2253-VEH-HGD, 2012 WL 3848565, at *1 (N.D. Ala. Sept. 4, 2012) ( noting that "it is incumbent upon the parties to raise before the district court any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level") (citing *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010)); *BAC Home Loans Servicing, L.P. v. Paul*, No. 11-cv-10327, 2012 WL 1079788, at *3 (E.D. Mich. Mar. 30, 2012) (stating that "[c]ase law makes clear that a failure to object to a particular ground for error in an R & R waives any objection to that claimed error").

Given Defendant's failure to object to the magistrate judge's findings and conclusions regarding the timeliness of removal on the basis of federal question jurisdiction, the Court finds it unnecessary to address the issue Defendant raises in her Objection. Under the removal statute,

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). If, however, the case was not removable based upon the initial pleading, the defendant can remove the case within thirty days after receiving "a copy of an amended pleading,

3

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also Bramlett v. Bajric*, No. 1:12-CV-2148-TWT, 2012 WL 4329242, at *2 (N.D. Ga. Sept. 19, 2012) (citing the two distinct thirty-day periods for removal). In other words, a case may be removed *either* within the initial thirty day period *or* within a subsequent thirty day period after which the defendant receives notice that the case is or has become removable. "If the initial complaint is removable, the defendants get thirty days under subsection (b)(1) to remove it, period." *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, No. 2:12-cv-01454-RCJ-PAL, 2012 WL 5198478, at *3 (D. Nev. Oct. 18, 2012).

In the instant case, the magistrate judge found that the case was removable from the time the Complaint was filed. (R&R at 4.) Accordingly, Defendant had thirty days after service of the Complaint to remove the case based on federal question jurisdiction. Defendant failed to remove the case within that time. Defendant fails to cite any case for the proposition that a defendant may have two bites at the proverbial apple if, having initially failed to remove on one jurisdictional basis, the defendant subsequently learns of another independent basis for removal. Indeed, Defendant does not even raise the argument in her Objection. Even if Defendant had raised the argument, however, the Court would reject it because, as the district court in *WMCV Phase, LLC* noted, "[i]f the initial complaint is removable, the defendants get thirty days under subsection (b)(1) to remove it, period." *Id.* Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued October 10, 2012 (docket no. 36) is **ADOPTED** as the Opinion of the Court, and Defendant's Objection (docket no. 37) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand to Marquette County Probate Court (docket no. 25) is **GRANTED** for the reason that Defendant's Notice of Removal is untimely.

**IT IS FURTHER ORDERED** that this case is **remanded** to the Marquette County Probate Court.


Dated: November 30, 2012             /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE